BALTIMORE COUNTY JEFFERSONIAN PRINTING & PUBLISHING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10131.   Promulgated October 22, 1927.

*John E. McClure, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the respondent.

The respondent has asserted deficiencies in income and profits taxes for the years 1920, 1921, and 1922, in the respective amounts of $168, $168, and $1,098.29. The deficiencies for 1920 and 1921, and a part of that for 1922, result from the respondent's disallowance of parts of the deductions from gross income which the petitioner took for such years on account of depreciation of certain printing presses and other machinery used in the printing business. The greater part of the deficiency for 1922, results from the disallowance as a deduction from gross income of the amount of an alleged loss which, the petitioner asserts, was sustained and charged off its books in that year.

### FINDINGS OF FACT.

The petitioner is a Maryland corporation with its principal office at Towson, where it is engaged in the printing and publishing business. At the date of its incorporation in 1910, it purchased five automatic job presses, one large cylinder press, and two linotype typesetting machines at a cost of $12,000. During the period from such purchase until December 31, 1919, it annually charged off 5 per cent of the original cost of such machines as depreciation, and deducted the amounts so charged off from its income and profits-tax returns for such years.

In the years 1920, 1921, and 1922 petitioner secured and executed certain large orders for job printing and throughout such years it operated its automatic printing presses 24 hours daily. In its income and profits-tax returns for the taxable years it deducted annually from its gross income the amount of $1,200, or 10 per cent of the original cost of its entire mechanical plant, as depreciation. Upon audit of such returns the respondent disallowed the accelerated depreciation claimed and reduced the petitioner's annual deductions for depreciation of its mechanical equipment to 5 per cent of the original cost.

In November 1921, the petitioner acquired from the New Era Publishing Co. the ownership and the right to publish a weekly newspaper known as the "New Era." Soon after such acquisition the management of the petitioner concluded that the "New Era" could not be published and circulated with any hope of profit from such operations and discontinued it after one or two weekly issues. The petitioner never surrendered or sold any of the rights or property acquired by the purchase of the "New Era." It charged the purchase price of the "New Era" in the amount of $6,186.26 off its books in 1922 and deducted the same from its gross income in its income-tax return for that year.

### OPINION.

LANSDON: The evidence is clear that the automatic presses owned by the petitioner were operated 24 hours daily during the taxable years. Such presses may have sustained accelerated depreciation, at the rate claimed. The record, however, discloses no cost basis upon which such additional allowance can be computed, as the only proof of cost is that five automatic presses, one large cylinder press and two linotype machines were acquired in 1910 at a cost of $12,000. There is no claim that the linotype or the cylinder press sustained any accelerated depreciation nor is there any segregation of the costs of the several kinds of machinery. In the state of the record there is

no basis for the computation of the accelerated depreciation claimed by the petitioner.

The action of the respondent in disallowing the cost of the "New Era" as a loss sustained and charged off in the taxable year is approved. Upon the evidence, assuming that the purchase in question resulted in the loss claimed, it is clear that such loss was not sustained in 1922. The "New Era" was acquired in November of 1921, and its publication as a newspaper was discontinued after only one or two issues. It is also in evidence that the petitioner still retains the ownership and right to publish the "New Era." In fact it now owns everything that it purchased from the New Era Publishing Co. and the fact that it discontinued the issue of the "New Era" is not in itself sufficient to convince us that the property acquired became worthless in the taxable year.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN, GREEN, and ARUNDELL.